UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-80109-CR-Singhal

UNITED STATES OF AMERICA

vs.

STEVEN BURACK,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America, by and through the Fraud Section of the Criminal Division of the Department of Justice and the United States Attorney's Office for the Southern District of Florida (hereinafter referred to as the "United States"), and Steven Burack (hereinafter referred to as the "Defendant"), enter into the following agreement:

1. The Defendant agrees to plead guilty to Count 1 of the Information (hereinafter the "Information"). Count 1 charges that the defendant knowingly and willfully combined, conspired, confederated and agreed with others, in violation of Title 18, United States Code, Section 1349, to commit health care fraud, that is, to knowingly and willfully execute a scheme and artifice to defraud a health care benefit program affecting commerce, as defined in Title 18, United States Code, Section 24(b), that is, Medicare, and to obtain, by means of materially false and fraudulent pretenses, representations, and promises, money and property owned by, and under the custody and control of, said health care benefit program, in connection with the delivery of and payment

for health care benefits, items, and services, in violation of Title 18, United States Code, Section 1347.

2.  The Defendant is aware that the sentence will be imposed by the Court. The Defendant understands and agrees that federal sentencing law requires the Court to impose a sentence that is reasonable and that the Court must consider the United States Sentencing Guidelines and Policy Statements (hereinafter the "Sentencing Guidelines") in determining that reasonable sentence. The Defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable guidelines will be determined by the Court relying in part on the results of a presentence investigation by the United States Probation Office ("Probation"), which investigation will commence after the guilty plea has been entered. The Defendant is also aware that, under certain circumstances, the Court may depart from the advisory Sentencing Guidelines range that it has computed, and may raise or lower that advisory sentence under the Sentencing Guidelines. The Defendant is further aware and understands that while the Court is required to consider the advisory guideline range determined under the Sentencing Guidelines, it is not bound to impose that sentence. Defendant understands that the facts that determine the offense level will be found by the Court at the time of sentencing and that in making those determinations the Court may consider any reliable evidence, including hearsay, as well as the provisions or stipulations in this Plea Agreement. The United States and the Defendant agree to recommend that the Sentencing Guidelines should apply pursuant to *United States v. Booker*, that the Sentencing Guidelines provide a fair and just resolution based on the facts of this case, and that no upward or downward departures are appropriate other than the reductions for acceptance of responsibility. The Court is permitted to tailor the ultimate sentence

in light of other statutory concerns, and such sentence may be either more severe or less severe than the Sentencing Guidelines' advisory sentence. Knowing these facts, the Defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offenses identified in paragraph 1 and that the Defendant may not withdraw the plea solely as a result of the sentence imposed.

3. The Defendant also understands and acknowledges that as to the offense of conspiracy to commit health care fraud, as charged in Count 1, the Court may impose a statutory maximum term of imprisonment of up to ten (10) years. In addition to any period of imprisonment the Court may also impose a period of supervised release of up to three (3) years to commence at the conclusion of the period of imprisonment. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to the greater of $250,000, or twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d).

4. The Defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this Agreement, a special assessment in the total amount of $100.00 will be imposed on the Defendant. The Defendant agrees that any special assessment imposed shall be paid at the time of sentencing.

5. The Defendant understands and acknowledges that as a result of this plea, the Defendant will be excluded as a provider from Medicare, Medicaid, and all federal health care programs. Defendant agrees to complete and execute all necessary documents provided by any department or agency of the federal government, including but not limited to the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving

the documents. This exclusion will not affect Defendant's right to apply for and receive benefits as a beneficiary under any federal health care program, including Medicare and Medicaid.

6. The Defendant recognizes that pleading guilty may have consequences with respect to the Defendant's immigration status if the Defendant is not a natural-born citizen of the United States. Under federal law, a broad range of crimes are removable offenses, including the crime to which the Defendant is pleading guilty. In addition, under certain circumstances, denaturalization may also be a consequence of pleading guilty to a crime. Removal, denaturalization, and other immigration consequences are the subject of a separate proceeding, however, and Defendant understands that no one, including the Defendant's counsel or the Court, can predict to a certainty the effect of the Defendant's conviction on the Defendant's immigration status. The Defendant nevertheless affirms that the Defendant chooses to plead guilty regardless of any immigration consequences that the Defendant's plea may entail, even if the consequence is the Defendant's denaturalization and automatic removal from the United States.

7. The Defendant shall cooperate with law enforcement officials, attorneys with the United States Department of Justice and United States Attorney's Office for the Southern District of Florida, and with federal regulatory officials charged with regulating or overseeing the Medicare program by providing full, complete and truthful information regarding his knowledge, conduct and actions while involved in health care and by providing active cooperation in ongoing investigations if requested to do so. If called upon to do so, the Defendant shall provide complete and truthful testimony before any grand jury or trial jury in any criminal case, in any civil proceeding or trial, and in any administrative proceeding or hearing. In carrying out his obligations under this paragraph Defendant shall neither minimize his own involvement nor fabricate,

minimize or exaggerate the involvement of others. If the Defendant intentionally provides any incomplete or untruthful statements or testimony, his actions shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges as may be otherwise set forth in this Agreement.

8. The Defendant shall provide the Probation Office and counsel for the United States with a full, complete and accurate personal financial statement. If the Defendant provides incomplete or untruthful statements in his personal financial statement, this action shall be deemed a material breach of this Agreement and the United States shall be free to pursue all appropriate charges against him notwithstanding any agreements to forbear from bringing additional charges otherwise set forth in this Agreement.

9. Provided that the Defendant commits no new criminal offenses and provided that he continues to demonstrate an affirmative recognition and affirmative acceptance of personal responsibility for his criminal conduct, the United States agrees that it will recommend at sentencing that the Defendant receive a three-level reduction for acceptance of responsibility pursuant to Section 3E1.1 of the Sentencing Guidelines, based upon the Defendant's recognition and affirmative and timely acceptance of personal responsibility. The United States, however, will not be required to make this sentencing recommendation if the Defendant: (1) fails or refuses to make a full, accurate and complete disclosure to the United States and Probation of the circumstances surrounding the relevant offense conduct and his present financial condition; (2) is found to have misrepresented facts to the United States prior to entering this Plea Agreement; or (3) commits any misconduct after entering into this Plea Agreement, including but not limited to

committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

10. The United States reserves the right to inform the Court and Probation of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the Defendant and the Defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this Plea Agreement, the United States further reserves the right to make any recommendation as to the quality and quantity of punishment.

11. The United States reserves the right to evaluate the nature and extent of the Defendant's cooperation and to make the Defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of the United States the Defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the sentence advised by the Sentencing Guidelines, the United States may at or before sentencing make a motion pursuant to Title 18, United States Code, Section 3553(e), Section 5K1.1 of the Sentencing Guidelines, or subsequent to sentencing by motion pursuant to Rule 35 of the Federal Rules of Criminal Procedure, reflecting that the Defendant has provided substantial assistance and recommending a sentence reduction. The Defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require the United States to file such a motion and that the United States' assessment of the nature, value, truthfulness, completeness, and accuracy of the Defendant's cooperation shall be binding on the Defendant.

12. The Defendant understands and acknowledges that the Court is under no obligation

to grant a motion by the United States pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 11 of this Agreement, should the United States exercise its discretion to file such a motion.

13. The Defendant admits and acknowledges that the following facts are true and that the United States could prove them at trial beyond a reasonable doubt:

    a. That the Defendant knowingly and willfully participated in the conspiracy to commit health care fraud, as charged in Count 1 of the Information; and

    b. That the Defendant's participation in the conspiracy to commit health care fraud resulted in an actual or intended loss to the Medicare program of more than $1,500,000 and less than $3,500,000;

    c. That the Defendant committed a federal health care offense resulting in a loss to Medicare, a federal health care benefit program, exceeding $1,000,000; and

    d. That the Defendant abused a position of trust in committing the offense.

14. Based on the foregoing, the United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court impose a sentence within the advisory sentencing guideline range produced by application of the Sentencing Guidelines. Although not binding on Probation or the Court, the United States and the Defendant further agree that, except as otherwise expressly contemplated in this Plea Agreement, they will jointly recommend that the Court neither depart upward nor depart downward under the Sentencing Guidelines when determining the advisory Sentencing Guideline range in this case. The Defendant agrees that he will neither move for a downward departure, nor will he seek a

variance from the applicable Guideline sentence pursuant to the factors in Title 18, United States Code, Section 3553(a), except with respect to personal history or personal characteristics unrelated to the charged conduct. Nor will the defendant suggest that the Probation Department consider a downward departure or adjustment or suggest that the Court sua sponte consider a downward departure, except with respect to personal history or personal characteristics unrelated to the charged conduct.

15. The United States and the Defendant agree that, although not binding on Probation or the Court, they will jointly recommend that the Court make the following findings and conclusions as to the sentence to be imposed:

(a) <u>Base Offense Level</u>: The Defendant's base offense level is six (6), in accordance with U.S.S.G. § 2B1.1; and

(b) <u>Loss</u>: The Defendant's offense level shall be increased by sixteen (16) levels pursuant to U.S.S.G. § 2B1.1(b)(1)(I) because the loss amount was more than $1,500,000 but less than $3,500,000;

(c) <u>Federal Health Care Fraud Enhancement</u>: That the Defendant's offense level shall be increased by two (2) levels pursuant to Section 2B1.1(b)(7) because the offense constituted a federal health care offense involving a Government health care program, and the loss amount to the Government health care program exceeded $1,000,000; and

(c) <u>Abuse of Position of Trust</u>: That the Defendant's offense level shall be increased by two (2) levels pursuant to Section 3B1.3 because the Defendant abused a position of trust in committing the offense.

TOTAL OFFENSE LEVEL – UNADJUSTED 26

(d) <u>Acceptance of Responsibility</u>:  That the Defendant's offense level shall be decreased by three (3) levels pursuant to U.S.S.G. §§ 3E1.1(a) and 3E1.1(b) because the Defendant has demonstrated acceptance of responsibility for his offense and assisted authorities in the investigation of and prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty.

TOTAL OFFENSE LEVEL – ADJUSTED 23

16. The Defendant acknowledges and understands that additional or different enhancements or provisions of the Sentencing Guidelines might be applicable, and that neither the Court nor Probation are bound by the parties' joint recommendations.

17. The Defendant knowingly agrees to immediately and voluntarily forfeit to the United States of America, pursuant to Title 18, United States Code, Section 982(a)(7), all property, real or personal, that constitutes or is derived, directly or indirectly, from gross proceeds traceable to the offense to which Defendant is pleading guilty. The Defendant agrees that approximately $29,000 is the total value of the gross proceeds traceable to his healthcare fraud conspiracy.

18. The Defendant agrees to the entry of a forfeiture money judgment in the amount of $29,000 ("Forfeiture Money Judgment"). The Defendant knowingly and voluntarily agrees that he shall not, in any manner, act in opposition to the United States seeking entry of, and satisfying, the Forfeiture Money Judgment. The Defendant also agrees to assist this Office in all proceedings, administrative or judicial, in satisfying the Forfeiture Money Judgment. The assistance shall include: identification of property available to satisfy the Forfeiture Money Judgment, and the transfer of such property to the United States by delivery to this Office upon this Office's request,

any necessary and appropriate documentation, including consents to forfeiture and quit claim deeds, to deliver good and marketable title to such property, as well as truthful and complete testimony in any forfeiture civil or ancillary proceeding as against third parties who may claim an interest in such assets. Defendant agrees that the United States may seek substitute assets within the meaning of 21 U.S.C. § 853.

19. The Defendant knowingly and voluntarily waives any right he may have to an appeal of the Forfeiture Money Judgment, agrees to waive any claim or constitutional, legal or equitable defense the Defendant may have with respect to such order, including any claim of excessive fine or penalty under the Eighth Amendment to the United States Constitution. Additionally, the Defendant waives the statute of limitations, and any notice requirements, with respect to forfeitures resulting from this case.

20. In furtherance of the collection of the Forfeiture Money Judgment and restitution judgment, the Defendant agrees to the following:

(a) The Defendant agrees to make full and accurate disclosure of his financial affairs to the United States Department of Justice, the United States Attorney's Office and the United States Probation Office. Specifically, the Defendant agrees that **within 10 calendar days** of the signing of this Plea Agreement, the Defendant shall submit a completed Financial Disclosure Statement (form provided by the United States), and shall fully disclose and identify all assets in which he has any interest and/or over which the Defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party, whether located within or outside of the United States. The Defendant agrees to provide, in a timely manner, all financial information requested by the United States Attorney's Office and U.S. Probation Office, and upon

request, to meet in person to identify assets/monies which can be used to satisfy the Forfeiture Money Judgment and/or the restitution judgment. In addition, the Defendant expressly authorizes the United States Attorney's Office to obtain a credit report.

(b) The Defendant agrees that he will not sell, hide, waste, encumber, destroy, or otherwise devalue any asset without prior approval of the government, until the Forfeiture Money Judgment and his restitution judgment are paid in full. The Defendant shall also identify any transfer of assets valued in excess of $5,000 since the date of his information or when he became aware of the criminal investigation, including the identity of the asset, the value of the asset, the identity of the third party to whom the asset was transferred, and the current location of the asset.

(c) The Defendant agrees to cooperate fully in the investigation and the identification of assets to be applied toward forfeiture and restitution. The Defendant agrees that providing false or incomplete information about his financial assets, or hiding, selling, transferring or devaluing assets and/or failing to cooperate fully in the investigation and identification of assets may be used as a basis for: (i) separate prosecution, including, under 18 U.S.C. § 1001; or (ii) recommendation of a denial of a reduction for acceptance of responsibility pursuant to Sentencing Guidelines § 3E1.1.

(d) The Defendant further agrees to liquidate assets, or complete any other tasks which will result in immediate payment of the Forfeiture Money Judgment and the restitution judgment in full, or full payment in the shortest amount of time, as requested by the government.

(e) The Defendant shall notify, within 30 days, the Clerk of the Court and the United States Attorney's Office of: (i) any change of name, residence, or mailing address, and (ii) any material change in economic circumstances that affects the ability to pay the Forfeiture.

21. The Defendant acknowledges that because the offenses of conviction occurred after April 24, 1996, restitution is mandatory without regard to the Defendant's ability to pay and that the Court must order the Defendant to pay restitution for the full loss caused by his criminal conduct pursuant to 18 U.S.C. § 3663A. Furthermore, the Defendant stipulates that he owes restitution in the amount of approximately $902,844, jointly and severally with his co-conspirators.

22. The Defendant is aware that the sentence has not yet been determined by the Court. The Defendant is also aware that any estimate of the probable sentencing range or sentence that the Defendant may receive, whether that estimate comes from the Defendant's counsel, the United States, or Probation, is a prediction, not a promise, and is not binding on the United States, Probation or the Court. The Defendant understands further that any recommendation that the United States makes to the Court as to sentencing, whether pursuant to this Agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The Defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the Defendant may not withdraw his plea based upon the Court's decision not to accept a sentencing recommendation made by the Defendant, the United States, or a recommendation made jointly by both the Defendant and the United States.

23. The Defendant is aware that Title 18, United States Code, Section 3742 affords him the right to appeal the sentence imposed in this case. Acknowledging this, in exchange for the undertakings made by the United States in this Plea Agreement, the Defendant hereby waives all

rights conferred by Section 3742 to appeal any sentence imposed, including any forfeiture or restitution ordered, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the Sentencing Guidelines range that the Court establishes at sentencing. In addition to the foregoing provisions, the defendant hereby waives all rights to argue on appeal that the statute to which the defendant is pleading guilty is unconstitutional and that the admitted conduct does not fall within the scope of the statute. The Defendant further understands that nothing in this Agreement shall affect the right of the United States and/or its duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the Defendant's sentence pursuant to Section 3742(b), the Defendant shall be released from the above waiver of appellate rights. By signing this Agreement, the Defendant acknowledges that he has discussed the appeal waiver set forth in this Agreement with his counsel. The Defendant further agrees, together with the United States, to request that the Court enter a specific finding that the Defendant's waiver of his right to appeal the sentence to be imposed in this case was knowing and voluntary.

24. For purposes of criminal prosecution, this Plea Agreement shall be binding and enforceable upon the Fraud Section of the Criminal Division of the United States Department of Justice and the United States Attorney's Office for the Southern District of Florida. The United States does not release Defendant from any claims under Title 26, United States Code. Further, this Agreement in no way limits, binds, or otherwise affects the rights, powers or duties of any state or local law enforcement agency or any administrative or regulatory authority.

25. Defendant agrees that if he fails to comply with any of the provisions of this Agreement, including the failure to tender such Agreement to the Court, makes false or misleading statements before the Court or to any agents of the United States, commits any further crimes, or attempts to withdraw the plea (prior to or after pleading guilty to the charges identified in paragraph one (1) above), the Government will have the right to characterize such conduct as a breach of this Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement and further may take whatever position it believes appropriate as to the sentence and the conditions of the Defendant's release (for example, should the Defendant commit any conduct after the date of this Agreement that would form the basis for an increase in the Defendant's offense level or justify an upward departure – examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the Probation Officer, or Court – the Government is free under this Agreement to seek an increase in the offense level based on that post-Agreement conduct); (b) the Defendant will not have the right to withdraw the guilty plea; (c) the Defendant shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the Defendant waives any protections afforded by Section 1B1.8(a) of the Sentencing Guidelines, Rule 11 of the Federal Rules of Criminal Procedure and Rule 410 of the Federal Rules of Evidence, and the Government will be free to use against the Defendant, directly and indirectly, in any criminal or civil proceeding any of the information, statements, and materials provided by him pursuant to this Agreement, including offering into evidence or otherwise using the attached Agreed Factual Basis for Guilty Plea.

26. This is the entire Agreement and understanding between the United States and the Defendant. There are no other agreements, promises, representations or understandings.

JUAN ANTONIO GONZALEZ
UNITED STATES ATTORNEY
SOUTHERN DISTRICT OF FLORIDA

Date: 9-18-23        By: _____
                          REGINALD CUYLER JR.
                          TRIAL ATTORNEY
                          FRAUD SECTION, CRIMINAL DIVISION
                          U.S. DEPARTMENT OF JUSTICE

Date: 9/18/23        By: _____
                          STEVEN BURACK
                          DEFENDANT

Date: 9/18/23        By: _____
                          ROBERT MALOVE
                          COUNSEL FOR STEVEN BURACK